DAVIS WRIGHT TREMAINE LLP
Colin D. Wells (State Bar No. 286684)
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: colinwells@dwt.com

DAVIS WRIGHT TREMAINE LLP
Richard J. Birmingham (*pro hac vice* pending)
Joseph P. Hoag (*pro hac vice* pending)
1201 3rd Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: richardbirmingham@dwt.com
       josephhoag@dwt.com

Attorneys for Plaintiffs
ROBERT BRADLEY NORRIS, individually
and on behalf of all others similarly situated

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT BRADLEY NORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Lawrence J. Mazzola, Jr.; Robert E. Buckley, Jr.; Armand Kilijan; Scott Strawbridge; Fred Nurisso; Daniel Orsot; Milt Goodman; Steve Jennings; William Blackwell; Frank Reardon; John Chiarentza; Tony Guzzette; R.J. Ferrari; in their current or former capacities as Trustees or Fiduciaries of the United Association Local 38 Defined Benefit Pension Plan; and Peter Machi, in his capacity as Administrator of the United Association Local 38 Defined Benefit Pension Plan,<br><br>Defendants. | No.<br><br>**ERISA COMPLAINT—CLASS ACTION** |

Plaintiff Robert Norris, by his undersigned attorneys, on his behalf and on behalf of the class, make the following Complaint against Defendants and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Robert Bradley Norris, on behalf of himself and others similarly situated (the "Class"), brings this action against Defendants to recover reciprocity contributions improperly withheld by the Defendants, and the earnings thereon. Alternatively, Plaintiffs seek an accrued benefit on such contributions. Plaintiffs bring this action to recover all losses due to Defendants' breach of the Plan terms and breach of fiduciary duty. Plaintiffs also seek to enjoin Defendants from taking actions that are prohibited by the terms of the United Association Local 38 Defined Benefit Pension Plan, the applicable Reciprocal Agreement, and by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs seek equitable relief and damages for reciprocity contributions improperly withheld.

2. Further, plaintiff Norris, on his own behalf only and not on behalf of the Class, seeks relief under ERISA for the failure of Defendant Peter Machi to provide the information required by 29 U.S.C. § 1024(b)(4) and Defendants' conduct in unduly inhibiting and hampering administrative claims and appeal procedures in violation of ERISA section 503, 29 U.S.C. § 1133, and 29 C.F.R. 2560.503-1.

## JURISDICTION AND VENUE

3. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). The claims described herein are brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.

4. <u>Venue</u>. Venue is proper in the Northern District of California pursuant to 29 U.S.C. § 1132(e)(2) as the breach took place within the jurisdiction of the Northern District of California, Norris resides within the jurisdiction of the Northern District of California, and one or more Defendants reside within the jurisdiction of the Northern District of California.

5. <u>Personal Jurisdiction</u>. This Court, pursuant to the Employment Retirement Income Security Act of 1974, as amended, has personal jurisdiction over the Defendants.

## THE PARTIES

6. Plaintiff Robert Bradley Norris is a citizen of the state of California and currently resides in Contra Costa County. At all times relevant hereto, Norris has been a Participant in Defendant United Association Local 38 Defined Benefit Pension Plan ("Local 38 Plan" or "Plan").

7. Defendants Lawrence Mazzola Jr., Robert E. Buckley, Jr.; Armand Kilijan; Scott Strawbridge; Fred Nurisso; Daniel Orsot; Milt Goodman; Steve Jennings; William Blackwell; Frank Reardon; John Chiarentza; Tony Guzzette; and R.J. Ferrari are or were Trustees of the Local 38 Plan, an ERISA multiemployer plan which maintains its offices at 1625 Market Street in San Francisco, California. As Trustees, they are ERISA fiduciaries.

8. Defendant Peter Machi is a citizen of the state of California and at all times relevant hereto has been employed as the Administrator of the Local 38 Plan.

## FACTUAL ALLEGATIONS

9. In August of 2011, Norris was a plumber and a member in good standing of United Association Local 17 ("Local 17 Union"), located in Memphis, Tennessee. Norris was also a Participant in the Plumbers Local No. 17 Defined Benefit Pension Plan (Norris's "Home Fund").

10. On or about August 2011, Norris obtained a travel card from the Local 17 Union and relocated to the San Francisco Bay Area. Thereafter, Norris sought work though the United Association Local 38 ("Local 38 Union") as a journeyman plumber.

11. On or about July 2, 2012, Norris was hired by ACCO Engineering. At the time, ACCO was signatory to a collective bargaining agreement with the Local 38 Union.

12. During the period from July 1, 2012 until July 1, 2013, Norris worked 1738 hours under a collective bargaining agreement or agreements, pursuant to which contributions were made on his behalf to the Local 38 Plan.

13. Under the terms of the collective bargaining agreement or agreements, contributions were made to the Local 38 Plan at the rate of $11.43 per hour for hours worked in 2012 and $12.00 per hour for hours worked in 2013.  However, the Local 38 Plan only transferred $4.45 per hour Norris worked to Norris's Home Fund.  Thus, the Local 38 Plan wrongfully retained $6.98 per hour for work performed in 2012 and $7.55 per hour for work performed in 2013.

3

14. The Local 38 Plan defines a Participant in the Plan as anyone who has worked 287.5 hours or more for covered employers in a twelve month period. Norris satisfies this definition of a Plan Participant.

15. Norris requested that Defendants transfer all contributions made on his behalf to his Home Fund. Such transfers are made pursuant to the terms of the United Association Pension Fund Reciprocal Agreement ("Reciprocal Agreement"), which agreement the Local 38 Plan entered into in 2004 by and through the Local 38 Plan Trustees. Such reciprocity transfers to Norris's Home Fund are also made pursuant to the terms of the Local 38 Plan, which incorporates the collective bargaining agreement, which incorporates the Reciprocal Agreement.

16. At the direction and the acquiescence of the Defendant Trustees, the Local 38 Plan improperly retained a portion of employer contributions made for work performed by Norris instead of transferring all such contributions to Norris's Home Fund.

17. The Local 38 Plan has provided no benefit to Norris based on contributions it has improperly withheld. The withholding of contributions without the accrual of any benefit violates Sections 204 and 305 of ERISA, 29 U.S.C. §§ 1054, 1085.

18. The Local 38 Plan has been unjustly enriched by improperly retaining employer contributions made for work performed by Norris, and the earnings thereon, which were also improperly withheld.

19. The Defendants' withholding of contributions from Norris's Home Fund has reduced the ultimate pension benefits that Norris is due to receive from his Home Fund.

20. The Defendants' withholding of contributions violates the Reciprocal Agreement and the provisions of the Local 38 Plan.

21. The Defendant Trustees and Fiduciaries violated their fiduciary duty by withholding a portion of contributions made for work performed by Norris and by interpreting the Local 38 Plan provisions in a manner prohibited by the Local 38 Plan, the Reciprocal Agreement, and ERISA.

22. During the time Norris was employed by ACCO, and during years prior and subsequent to Norris's employment with ACCO, there were other union members from other local unions also working within the jurisdiction of the Local 38 Plan. Such employees are known as "Travelers."

DAVIS WRIGHT TREMAINE LLP

23. Travelers worked for employer signatories to a collective bargaining agreement associated with the Local 38 Plan for at least 287.5 hours in a twelve month period and satisfied the Local 38 Plan's definition of a Plan Participant. Travelers requested the Local 38 Plan reciprocate all employer contributions made on their behalf to the pension funds associated with their respective home union jurisdiction ("Home Funds"). The Defendants caused a portion of employer contributions made for work performed by Travelers to be improperly retained by the Local 38 Plan, without providing a benefit to the Travelers. This conduct reduced the ultimate pension benefits that Travelers are due to receive from their Home Funds.

24. In improperly retaining portions of contributions made for work performed by Travelers without providing a benefit, the Defendants violated the Local 38 Plan provisions, ERISA, and the Reciprocal Agreement. Defendant Trustees and Fiduciaries thereby violated their fiduciary duties, and the Local 38 Plan was unjustly enriched.

25. On December 2, 2014, Norris sent a letter to the Local 38 Plan Trustees requesting Plan Documents and other information associated with the operation of the Local 38 Plan.

26. On December 15, 2014, Norris received a letter from legal counsel for the Local 38 Plan, purporting to be written on behalf of Defendant Machi. This letter stated Norris was not a Participant in the Local 38 Plan and refused to provide the requested information or documentation, including information regarding claim and appeals procedures.

27. On June 23, 2015, Norris through legal counsel sent a second letter to the Local 38 Plan again requesting Plan Documents and other information associated with the operation of the Local 38 Plan.

28. On July 23, 2015, Defendant Machi once again responded by letter that Norris was not a Plan Participant and asserted that Norris was owed no additional employer pension contributions that Defendants had, in fact, caused to be withheld from Norris's Home Fund. But Machi also produced some Plan Documents and records. This time Machi asked Norris to exhaust his administrative remedies. On page 6 of the July 23, 2015 letter, Machi informed Norris of the steps necessary to file an administrative appeal.

5

29. On August 6, 2015, in a separate proceeding, Arbitrator John Kagel determined that the Defendant-administered and controlled Local 38 Plan had improperly withheld reciprocity contributions from Travelers whose Home Fund was the Plumbers and Pipe Fitters National Pension Fund.

30. Because the December 15, 2014 letter failed to provide requested documents and disclaimed that any rights, claims, or appeals were available to Norris under the Plan, Norris was deemed to have exhausted his administrative remedies at that time. 29 U.S.C. § 1133; 29 C.F.R. 2560.503-1. But in the interest of resolving Norris' claims quickly and without resort to the courts, Norris, through legal counsel, filed an appeal with the Local 38 Plan on September 15, 2015. Such an appeal was filed in full compliance with Defendant Machi's letter dated July 23, 2015. In his appeal, Norris contested Machi's determinations that (1) Norris is not a Plan Participant, and (2) Norris is not entitled to additional contributions or benefits from the Local 38 Plan under the terms of the Plan or ERISA. All information necessary to determine the appeal was set forth in the September 15, 2015 letter.

31. After receiving no response or acknowledgement of his appeal, Norris inquired as to the status of his appeal on October 13, 2015. On October 15, 2015, Defendant Machi indicated that Norris's appeal had not been processed nor had a hearing been set due to an alleged failure by Norris to provide information, including information previously provided by Machi to Norris and which was already in Machi's possession and control.

32. Defendant Machi's October 15, 2015 response was made in a matter that unduly inhibits and hampers the benefit claims and appeal process in violation of ERISA section 503, 29 U.S.C. §1133, and 29 C.F.R. 2560.503-1. Because Defendants have failed to provide or follow a reasonable claim process that would yield a decision on the merits of Norris's claim, administrative remedies associated with Norris's claim are deemed to be exhausted.

33. Based on Defendants' communications to Norris on December 15, 2014, July 23, 2015, and October 15, 2015, Norris is deemed to have exhausted his administrative remedies. Alternatively, Defendants' communications have demonstrated that exhaustion would be futile. Exhaustion is also not required for ERISA fiduciary or statutory violations. Norris is therefore free to file this lawsuit.

6

## CLASS ACTION ALLEGATIONS

34. The paragraphs within this section entitled Class Action Allegations apply to the First, Second, and Third Claims for Relief identified herein, and not the Fourth Claim for Relief.

35. <u>Class Definition</u>: Pursuant to Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Norris brings this case as a class action on behalf of the Plan (for purposes of the Second and Third Claims for Relief) and on behalf of the following Class (for all claims except the Fourth Claim) of persons similarly situated:

> All current and former participants of the Local 38 Plan: (1) on whose behalf contributions were required to be made to the Local 38 Plan pursuant to the terms of a collective bargaining agreement; (2) who requested that all contributions made on their behalf to the Local 38 Plan be transferred to their respective Home Funds; and (3) for whom the Local 38 Plan, its agents, employees, fiduciaries, affiliates, or service providers withheld a portion of such contributions.

36. <u>Numerosity</u>: The members of the class are known to the Defendants and upon information and belief exceed fifty (50) individuals residing in states throughout the United States, rendering the members of the class so numerous that joinder of all members is impractical.

37. <u>Commonality</u>: The claims of Norris and all Class members originate from Defendants' uniform wrongful conduct, breaches of fiduciary duties, and violations of ERISA. Furthermore, common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The many questions of law and fact common to the Class include whether:

   a. Norris and the Class were at all relevant times Participants in the Local 38 Plan;

   b. the Defendants have violated the terms of the Local 38 Plan and the Reciprocal Agreement, as adopted by the Local 38 Plan;

   c. Defendants owed Norris and the Class a fiduciary duty under ERISA;

   d. Defendants breached their fiduciary duties under ERISA;

   e. the Defendants' acts and omissions caused losses to Norris and the Class members; and

   f. Norris and the Class members are entitled to equitable relief to enjoin prohibited actions, reform the Plan, and to prevent unjust enrichment.

38. <u>Typicality</u>: The claims of Norris are typical of the claims of the Class. Norris's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

39. <u>Adequacy</u>: Norris will fairly and adequately protect the interests of the Class. Norris has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, and ERISA law and litigation. Norris and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Norris nor his counsel has interests that are contrary to or that conflict with those of the proposed Class.

40. <u>Predominance</u>: Defendants have engaged in a common course of conduct toward Norris and the Class members. The common issues arising from this conduct that affect Norris and Class members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy, and class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy.

41. <u>Superiority</u>: Norris and Class members have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members will likely find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activity. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from the records of the Local 38 Plan. Norris and one or more of the Defendants reside within the Northern District of California and the wrongful conduct alleged herein also occurred within that judicial district.

42. <u>Appropriateness of Injunctive and Declaratory Relief</u>: Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Furthermore, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to

individual members of the Class and the establishment of incompatible standards of conduct for Defendants.

## FIRST CLAIM FOR RELIEF

RELIEF UNDER 29 U.S.C. § 1132(a)(1)(B) AGAINST ALL DEFENDANTS FOR THE CLASS

43. Norris realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44. Norris seeks relief under 29 U.S.C. § 1132(a)(1)(B), on behalf of himself and the Class, to recover contributions due under the Local 38 Plan; to enforce his rights to either a benefit accrual or reciprocity transfer pursuant to the terms of the Plan; and to clarify his rights with respect to future reciprocity contributions or accruals under the terms of the Local 38 Plan and incorporated Reciprocal Agreement.

45. Wherefore, Norris prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

RELIEF UNDER 29 U.S.C. § 1132(a)(2) AGAINST ALL DEFENDANTS FOR THE CLASS

46. Norris realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. Norris seeks relief under 29 U.S.C. § 1132(a)(2), on behalf of the Plan, himself, the Class, and the Class members' home funds, to remedy the fiduciary breaches of Defendants relating to: violation of the statutory provisions of ERISA Sections 204 and 305; improperly interpreting or amending the Plan; violating the Reciprocal Agreement; and violating the Local 38 Plan documents and other instruments and provisions governing the Local 38 Plan.

48. Wherefore, Norris prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

RELIEF UNDER 29 U.S.C. § 1132(a)(3) AGAINST ALL DEFENDANTS FOR THE CLASS

49. Norris realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

50. Norris seeks relief under 29 U.S.C. § 1132(a)(3), on behalf of himself and the Class and/or the Plan and the Class members' home funds, to enjoin the acts of the Defendants in improperly

administering the Local 38 Plan; to redress statutory violations of ERISA 305; to revoke any improper amendment and reinstate the lawful provisions of the Local 38 Plan; to reform the Local 38 Plan document; and to remedy any unjust enrichment.

51.     Wherefore, Norris prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

RELIEF UNDER 29 U.S.C. § 1132(c)(1) AND § 1132 (A)(2), OR ALTERNATIVELY

29 U.S.C. § 1132(a)(3), FOR PLAINTIFF NORRIS

52.     Norris realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53.     Norris seeks relief on behalf of himself and the Plan under 29 U.S.C. § 1132(c)(1) and 29 U.S.C. § 1132(a)(2), or alternatively 29 U.S.C. § 1132(a)(3), for Defendant Machi's continual failure to provide plan information to Norris upon Norris's valid and proper request, as required by 29 U.S.C. § 1024(b)(4) and for failure to establish and comply with reasonable claim procedures as required by ERISA section 503 and 29 C.F.R. 2560.503-1.

54.     Wherefore, Norris prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Norris, on his behalf and on behalf of the Class of similarly situated individuals, prays for relief against the Defendants as follows:

1.      Certification of the proposed Class pursuant to Rule 23(b)(1) or (b)(2), or in the alternative (b)(3), of the Federal Rules of Civil Procedure;

2.      Appoint Robert Bradley Norris as Class Representative;

3.      Appoint the undersigned as Class Counsel;

4.      Declare that Defendants are financially responsible for notifying Class members of the Defendants' wrongful conduct;

5.      Declare that Defendants breached the Local 38 Plan and/or instruments governing the Local 38 Plan;

6.      Declare that Defendants breached their fiduciary duties;

7.      Enjoin Defendants from engaging in wrongful conduct or actions;

8. Award Class members their contributions wrongfully withheld and the earnings thereon;

9. Declare that contributions wrongfully withheld plus the earnings thereon should be transferred to Norris's and Travelers' Home Funds;

10. Award attorney fees and costs pursuant to either a common fund or pursuant to 29 U.S.C. § 1132(g), or both;

11. Grant such other and further relief as the Court deems necessary, just, and proper.

Plaintiff Norris FURTHER, on his own behalf, prays for relief against the Defendant Machi as follows:

1. Award Norris a penalty of one hundred ten ($110) dollars a day for each day from December 15, 2014 and continuing until such time that Defendant Machi provides the information requested by Norris;

2. Enjoin Defendants from unduly inhibiting or hampering the claims review process in violation of ERISA section 503 and 29 C.F.R. 2560.503-1;

3. Declare Defendants breached their fiduciary duties by unduly hampering Norris's September 15, 2015 appeal;

4. Award attorney fees and costs pursuant to 29 U.S.C. § 1132(g);

5. Award attorney fees and costs pursuant to a common fund theory of recovery;

6. Grant such other and further relief as the Court deems necessary, just, and proper.

Dated: October 28, 2015.

**DAVIS WRIGHT TREMAINE LLP**

By: /s/ Colin D. Wells
Colin D. Wells

Attorneys for Plaintiffs
ROBERT BRADLEY NORRIS and the Class