UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRADLEY NORRIS,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE J. MAZZOLA, et al.,<br><br>Defendants. | Case No.15-cv-04962-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 114, 115, 116 |

The parties' Joint Discovery Letter briefs regarding the time frame for discovery and Plaintiff's assertion of attorney client privilege came before the Court for hearing on May 18, 2017. (Dkt. Nos. 114, 115, 116.) This Order confirms the rulings made on the record with respect to the parties' disputes.

**1. The Time Frame for Discovery**

The parties sought clarification regarding the appropriate time frame for discovery. Plaintiff seeks discovery regarding the putative class from November 1, 2004 to the present. Defendants have provided discovery from October 28, 2010 to the present and insist that discovery regarding Travelers before that date is both irrelevant and burdensome. Defendants contend that based on the Court's summary judgment ruling standing in this case is premised on the Rule of Parity such that discovery should be limited to five years before this action was filed. The Court, however, has not yet considered the issue of statutory standing for the class; thus, evidence beyond the five year Rule of Parity period may be relevant. *See* Fed. R. Civ. Pro. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... Information within this scope of discovery need not be admissible in evidence to be discoverable."). The Court thus concludes that discovery back to November 1,

2004 should be produced. However, the parties should meet and confer regarding a method of production for this information to lessen any burden.

### 2. Plaintiff's Assertion of Attorney Client Privilege

Defendants move to compel production of a pre-litigation memo drafted by attorney Lou Malone, a draft complaint written by Mr. Malone, and emails or letters exchanged between Mr. Malone and Plaintiff or Plaintiff's counsel Richard Birmingham. Defendants insist that Plaintiff either never had an attorney client relationship with Mr. Malone or waived any such attorney client privilege between himself and Mr. Malone (an attorney with whom he had consulted prior to Mr. Birmingham) when Plaintiff testified in his deposition that he had not hired Mr. Malone. Plaintiff counters that the deposition must be read in its entirety and that elsewhere in his deposition Plaintiff stated that Mr. Malone was his attorney.

Early in his deposition, Plaintiff testified that he did not engage Mr. Malone in November 2014 (Dkt. No. 115-4 at 67:14-24) and that he did not have any attorney "representing" him in connection with his December 2014 letter to Local 38 regarding plan benefits. (*Id.* at 70:7-10.) But he also he testified that he was "not sure what an engagement agreement is." (*Id.* at 90:7-9.) Further, although Plaintiff stated that he did not "hire" a lawyer before December 2, 2014 (*Id*. 109:14-16), he elsewhere testified that Mr. Malone was "my attorney" who he hired prior to December 15, 2014. (*Id.* at 92:15-25.) He also later clarified that Mr. Malone helped him draft the December 2, 204 letter. (*Id*. at 110:8-112:4.)

Defendants maintain that under the Ninth Circuit Court of Appeal's decision in *Weil v. Investment/Indicators, Research and Management, Inc*., 647 F.2d 18, 24 (9th Cir. 1981), Plaintiff's disavowal of any attorney client relationship with Mr. Malone waived the attorney client privilege. Not so. *Weil* reiterated the longstanding principle "that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Id.* at 24. Here, however, there has been no disclosure of privileged attorney communications; thus, *Weil* simply does not apply. And the Court is not aware of any case that suggests that a client can waive the attorney client privilege by testifying inconsistently during deposition as to whether a person was acting as his attorney

2

especially where, such as here, the record reflects that the client was initially confused regarding terms such as hire, engage, and retain, but subsequently clarified that the attorney is "my attorney." Here, the totality of Plaintiff's testimony reflects that he did believe that Mr. Malone was his attorney, but that he was confused by the nature of the questions. Under these circumstances there was no waiver of the attorney client privilege. Defendants' motion to compel documents or communications from or to Mr. Malone is therefore denied.

This Order disposes of Docket Nos. 114, 115, and 116.

**IT IS SO ORDERED.**

Dated: May 23, 2017

*Jacqueline S. Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge